■ Douglas W. Rittenhouse, Individually and as Guardian ad Litem for Raymond S. Rittenhouse, an Infant, Appellants, v. Town of North Hempstead et al., Respondents, et al., Defendant.— In an action to recover damages for personal injuries, plaintiffs appeal from so much of a judgment of the Supreme Court, Nassau County, entered September 4, 1958, after a jury trial, as dismisses their complaint against the defendants Town of North Hempstead and Gifford Construction Co., Inc. After the jury returned a verdict in plaintiffs' favor against said defendants, the Trial Justice set the verdict aside on the ground that it was contrary to the weight of the evidence, and directed a verdict in favor of said defendants, dismissing the complaint against them on the ground that there was an absence of proof of said defendants' negligence. The infant plaintiff was 3 years and 10 months old at the time of the accident and 9½ years old at the time of the trial. Without subjecting him to a preliminary examination, the Trial Justice ruled that his proffered testimony as to the accident should be excluded " because of his very extreme youth when this accident occurred." Judgment insofar as appealed from reversed and a new trial granted, with costs to plaintiffs to abide the event. We believe that it was prejudicial error to exclude the testimony of the infant without a preliminary examination by the Trial Justice to determine his capacity and the extent of his knowledge. In view of his age at the time of the accident and at the time of the trial we do not believe that as matter of law he was incompetent to testify (cf. Ryan v. Hall Co., 201 App. Div. 874; People v. Perles, 5 A D 993). The findings of fact have not been considered. Nolan, P. J., Kleinfeld and Brennan, JJ., concur; Ughetta and Pette, JJ., dissent and vote to affirm on the ground that, assuming the infant should have been subjected to a preliminary examina-

tion as to his capacity and his knowledge, the failure to do so is harmless error and should be disregarded under section 106 of the Civil Practice Act, since the record clearly shows that the infant was without knowledge as to the cause of the accident and that his testimony in any event would have had no probative value.