■ KATHERINE KAPUSCINSKI, Respondent, v JOHN M. KAPUSCINSKI, Appellant.—In a matrimonial action, the defendant husband appeals from a judgment of the Supreme Court, Nassau County, entered December 12, 1978, which, after a nonjury trial, *inter alia,* (1) granted the plaintiff wife a divorce on the grounds of cruel and inhuman treatment and constructive abandonment, (2) awarded plaintiff custody of the parties' infant daughter and defendant custody of the parties' infant son, (3) granted alimony to the plaintiff of $40 per week and (4) ordered defendant to pay plaintiff $35 per week for the support of the parties' infant daughter. Judgment reversed, on the law and the facts, without costs or disbursements, and new trial granted. Pending the new trial and determination, defendant is to pay plaintiff alimony of $20 per week and child support of $35 per week. The parties shall proceed to trial forthwith. It was prejudicial error for the trial court to exclude the testimony of the then 14-year-old son of the parties on the basis of "his age and immaturity" without conducting an adequate examination to determine his capacity and the extent of his knowledge (see *Rittenhouse v Town of North Hempstead,* 11 AD2d 957; see, also, *Olshansky v Prensky,* 185 App Div 469; *People v Perles,* 5 AD2d 993; Richardson, Evidence [Prince, 10th ed], § 390, pp 368-370). In the case at bar, the record reflects that the 14-year-old infant, who had resided with both parents prior to the commencement of the instant action and during its pendency, would in all likelihood have been able to provide competent and relevant testimony with respect to the contested issues of divorce and custody. In addition, it also appears from the record that the trial court, in awarding alimony and child support, did not properly balance the wife's needs and her independent means with the husband's ability to pay. The trial court can, and indeed must, apportion such costs in accordance with the parties' respective means and responsibilities (see *Hickland v Hickland,* 39 NY2d 1, 6-7; *Kover v Kover,* 29 NY2d 408; see, also, *Matter of Carter v Carter,* 58 AD2d 438). In this connection, the court's attention is also directed to

section 699.9 (f) (6) of our rules (22 NYCRR 699.9 [f] [6]). Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.