OPINION OF THE COURT
James F. Niehoff, J.
In this postjudgment, application the defendant Jean Appel seeks (1) an order directing the plaintiff Thomas Appel to pay for legal services rendered on her appeal to the Appellate Division, Second Department, and her motion for leave to appeal to the Court of Appeals and (2) an award of child support in the sum of $25 weekly to defray the expenses incurred by her during the time she exercises her visitation rights with the parties’ daughter Jennifer Appel.
With respect to the latter request, i.e., the award of child support in the sum of $25 weekly to defray the expenses incurred during the time that she exercises her visitation rights with Jennifer Appel, the parties’ daughter, the defendant claims that because of her financial circumstances she requires such sum to permit her to exercise her visitation rights.
The plaintiff Thomas Appel argues that there is no basis in either the common law or in the statutory law of this State for such an award and that the defendant simply wants to be paid for exercising her visitation rights. Furthermore, the plaintiff claims that if the defendant’s “logic were to be followed, and I contributed money for the time she spends with our child, then she should be contributing *840 money toward the time the child spends with me.” While the plaintiff may be troubled by logic which leads to support payments to be made to a parent while such parent spends time with the parties’ infant issue, the court finds nothing offensive or unusual in such an arrangement since that is precisely what happens whenever child support is paid to the custodial parent by the noncustodial parent. Of course, in the present case, the husband, as the custodial parent, is not receiving any award of support because of the respective financial situations of the parties.
The plaintiff raises a more salient point by his claim that no authority exists for the type of award sought by the defendant.
The statute in question, namely, section 240 of the Domestic Relations Law provides, in pertinent part, that the court “may require the payment of a sum or sums of money either directly to the custodial parent or to third persons for goods or services furnished for such child, or for both payments to the custodial parent and to such third persons.” This statute has been interpreted to require the apportionment of the costs of child support in accordance with the parties’ respective means and responsibilities (Kapuscinski v Kapuscinski, 75 AD2d 576) and to permit the receipt of support payments for the benefit of a child even though the mother was not entitled to legal custody of the child (see, e.g., Bergson v Bergson, 68 AD2d 931; Markland v Markland, 67 AD2d 940; Blauner v Blauner, 60 AD2d. 215). By a parity of reasoning, this court holds that the statute can be interpreted to permit a payment to a noncustodial spouse for the child’s benefit during visitation periods provided, of course, that the payment is needed for the child’s benefit and that the financial circumstances of the parties call for the same.
As noted above, the purpose of section 240 of the Domestic Relations Law is to require the apportionment of the costs of child support in accordance with the parties’ respective means and responsibilities. Where both parents are able to share the cost they should do so in proportion to their respective means; where only one parent can do so, that parent should bear the entire cost. Manifestly, the cost of *841 support goes hand to hand with custody, that is, the parent with custody is the one who is called upon to spend money to meet the child’s needs. This obvious fact is the foundation stone on which the statute and all the cases rest.
Thus, this court is aware of a number of cases wherein the obligation to pay child support to a custodial parent while the child or children were visting the paying parent has been suspended. In the majority of those cases, the underlying rationale was to prevent a “double payment”, that is, on the one hand to protect the parent exercising visitation rights from paying twice for the support of the child, and on the other hand to prevent the custodial spouse from collecting child support while incurring no expenses directly attributable to the children. The court has also presided over cases involving arrangements whereby the custodial spouse pays, at least in part, the cost of transportation so that the noncustodial spouse can exercise visitation rights.
While it is true that the statute speaks of payment to the “custodial” parent, it also authorizes the payment of money to a third person for goods and services rendered to the child, thereby demonstrating that the principal concern of the law is that the child’s needs be met.
In a word, then, the court rejects the plaintiff’s argument that the scheme at bar violates existing law and concludes that there is nothing offensive or illogical about such a payment.
A reading of the papers submitted leads the court to the. conclusion that it is in the infant’s best interests to grant the award sought by the defendant Jean Appel in order to defray expenses incurred by her during her weekend and extended visitation periods. Pursuant to the judgment of divorce (Santagata, J.) dated August 10, 1979 the defendant was granted extended visitation, on alternate weekends and for a maximum of four weeks during the summer recess from school. Weighing all the evidence submitted, the court determines that the plaintiff should be directed to pay to the defendant the sum of $50 per month in order to help her defray the expenses incurred by her while exercising her visitation rights with Jennifer.
*842 As noted above, the defendant also seeks an order directing the plaintiff to pay for legal services rendered to her on her appeal from the divorce judgment.
A review of the papers submitted, together with the entire record in this matter, satisfies the court that it should exercise its discretion and make an award of counsel fees' for legal services rendered the defendant both on her appeal to the Appellate Division, Second Department, and on her motion for leave to appeal to the Court of Appeals.
Considering all of the relevant factors, including the granting of poor person relief to the defendant by the Appellate Division, Second Department; the time spent by her attorney in preparation and presentation of the appeal to the Appellate Division, and motion to the Court of Appeals; and the fact that the plaintiff. Thomas Appel has the financial ability to bear the defendant’s legal expenses, the defendant is awarded the sum of $5,000 plus disbursements of $449.43 for legal services rendered to the defendant by Elliot D. Samuelson, Esq., to date, including services rendered on this application.
The plaintiff shall make payment of the above-ordered amount to the defendant within 45 days from the date of service of a copy of the order signed herewith upon his attorney.