■ In the Matter of LELA P. LADD, Respondent, v ROSS BELLAVIA, JR., Appellant.—Order unanimously affirmed without costs. Memorandum: The determination of the Trial Judge that the award of custody to the mother is in the best interest of the child is entitled to the greatest respect (see, Eschbach v Eschbach, 56 NY2d 167, 173) and, on the record before us, we see no reason to disturb that determination. We reject respondent's contention that the conduct of the Law Guardian and the Trial Judge deprived him of a fair hearing.

We note with grave concern that the confidentiality of two in camera interviews with the child has been breached. The first transcript, of an interview on August 28, 1986, in connection with a temporary order, was inexplicably made available to the father's trial attorney, and was marked for identification at trial. The contents of this in camera interview were discussed at trial and the father's attorney sought unsuccessfully to use the child's words to contradict the mother's testimony. The transcript itself was not received in evidence and was improperly included with the trial exhibits furnished to us.

The second in camera interview was sought during trial by the father's attorney. The Law Guardian indicated that the child had expressed reluctance to be interviewed. The mother's attorney requested that, if an interview occurred, it be done in the presence of the child and his attorney alone and that the transcript be sealed pending appeal. The court agreed that, of course, this would be done and the Law Guardian opined that this was required by Matter of Lincoln v Lincoln (24 NY2d 270).

An in camera hearing did take place and the child was

assured that nobody would know what he said unless he told them. Nevertheless, the three attorneys stipulated to the table of contents of the record. The table of contents listed the second in camera interview and it is included as part of the trial transcript.

The Court of Appeals held 20 years ago that a court deciding custody of a child had the right to consider a confidential interview with the child conducted without the parents' consent because its first responsibility is and must be the welfare of the child. It emphasized the importance to the child of protecting it from having to choose openly between parents or to relate difficulties with them *(Matter of Lincoln v Lincoln, supra,* at 272). This principle is still true today and the child's right to confidentiality has been violated irreparably in this case. The transcript of an in camera interview with a child should be sealed and made available only to an appellate court unless the trial court in its discretion directs otherwise. (Appeal from order of Monroe County Family Court, Sciolino, J.—custody.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.