OPINION OF THE COURT
Kerry R. Trainor, J.
Glenn M., the father of M., applied to this court to accept emergency jurisdiction (see, e.g. Domestic Relations Law § 75-d) and to transfer custody of this child from her mother, Patricia R. At the time of the application, the mother, who resides in New Jersey, had custody pursuant to the custody order from the Bergen County Superior Court, in New Jersey, issued on *409 April 21, 1997. The father commenced his proceeding by an order to show cause which included ex parte applications for various relief which was denied by this court. On the return date of the order to show cause, the father presented proof that the papers had been properly served on the mother in New Jersey. Although Ms. R. had communicated to this court by fax and telephone prior to the return date of the order to show cause, she in fact failed to appear in this court.
In light of her default, an inquest was conducted. This court determined that it had emergency jurisdiction based upon the unanswered sworn allegations of inadequate living arrangements, lack of supervision in the mother’s home in New Jersey, and the alleged unwillingness of the child to return to that state. In making this determination the court reviewed the allegations in the father’s petition together with his testimony, and the testimony provided by this 13-year-old child during an in camera interview pursuant to CPLR 4019. A decision was made to temporarily modify custody to the only parent who did appear in this court, Glenn M. The matter was then adjourned for further proceedings on May 22, 2002.
On May 17, 2002, this court received a fax communication from an attorney in New Jersey indicating, among other things, an intent to commence litigation on behalf of the mother before Judge Raymond A. Batten in Cape May County, New Jersey. This court communicated by telephone with Judge Batten after the litigation had commenced there (see, Domestic Relations Law § 75-g [3]). It was agreed that we would discuss the case further after the proceeding in this court on May 22, 2002.
On May 22, 2002, the father, his attorney and the mother without her attorney appeared in this court. There was a colloquy on the record. This court determined that it would no longer retain emergency jurisdiction but defer to the proceeding before Judge Batten since New Jersey is the child’s domicile state and the emergency had passed. The parties were advised that Judge Batten had agreed that this court’s temporary order would remain in effect until the proceeding commenced before him. The New Jersey matter was scheduled before Judge Batten on May 24, 2002; the parties were advised that commencing with that proceeding Judge Batten would hear all applications directed to the issues of this child’s custody.
In our discussions, this court and Judge Batten felt that it would be helpful for him to have access to this court’s records including the in camera examination of the child that had occurred during the emergency proceeding in New York. The law *410 encourages the preservation and exchange of records between states when appropriately requested {see, Domestic Relations Law former § 75-u). At the same time, the law of New York State is extremely protective of the privacy of a child’s in camera testimony in a custody proceeding {see, CPLR 4019). As a result, this court now has to determine if it is legally possible to provide a transcript of this child’s in camera testimony to the New Jersey court together with the remaining records which must be made available.
The development of the law regarding in camera examination of a child in a custody case, as it exists in New York today, began with the New York Court of Appeals in the seminal case of Matter of Lincoln v Lincoln (24 NY2d 270 [1969]). The Court set forth a procedure and purpose for confidential interviews of child witnesses. It held that the purpose of the sealed confidential interview is to protect the child from having to choose openly between parents or to relate difficulties with them: “an interview in private will limit the psychological danger to the child and will also be far more informative and worthwhile than the traditional procedures of the adversary system — an examination of the child under oath in open court” (id. at 272).
When the State Legislature codified these principles and created CPLR 4019, it was done in language that appears to allow only one circumstance for the unsealing of the child’s private testimony, and that is for review by an appellate court. The statute reads:
“(a) A court shall not conduct an in camera interview of an infant in any action or proceeding to fix temporary or permanent custody or to modify judgments and orders of custody concerning marital separation, divorce, annulment of marriage and dissolution of marriage unless a stenographic record of such interview is made.
“(b) If an appeal is taken to the appellate division from a judgment or order of the court on any such action or proceeding, the stenographic record of any such interview shall be made a part of the record and forwarded under seal to the appellate division.”
The laws of New Jersey also provide for an in camera examination of a child, but the guiding principles are quite different from New York and appear to be in significant conflict with this state. The New Jersey law is not nearly as protective of the child’s privacy. The New Jersey statute states that if the *411 court determines that the child’s testimony is necessary for the determination of the matter, the court may conduct the interview in camera if deemed to be in the child’s best interest (NJ Rules of Ct, rule 5:3-2 [a]). “Transcripts [of the interview] shall be provided to counsel and the parties upon request and payment for the cost.” (NJ Rules of Ct, rule 5:8-6.) Further, “counsel shall have the right to provide the transcript * * * to any expert retained on the issue of custody” (NJ Rules of Ct, rule 5:8-6). Only “upon demonstration of good cause and notice to all interested parties, shall [the court] have the authority to order any portion of a Family Part file * * * be sealed” (NJ Rules of Ct, rule 5:3-2 [b]).
This court has not reviewed the history of the use that New Jersey has made of its statute. However, a body of case law has developed in New York State which appears to acknowledge the possibility of a proper unsealing for other than appellate purposes. At this point, this appears to be mere colloquy that has never had acceptable application. In each instance that a trial court did permit an unsealing, the appellate court determined that the trial court’s actions were not justified under the circumstances presented to that court. (See, McManus v McManus, 274 AD2d 378 [2d Dept 2000]; Matter of Sellen v Wright, 229 AD2d 680 [3d Dept 1996]; Matter of Ladd v Bellavia, 151 AD2d 1015 [4th Dept 1989].) As a practical matter, the difference between the New York and New Jersey formulas continues to be great.
The New Jersey statute by its language alone affords much more limited protection for the child’s privacy. It appears that the transcript will be made available to the adult litigants and their counsel unless someone can show good cause to keep the record sealed. In New York, the seal appears to present a sense of permanency and impenetrability that to this day has never been properly compromised by a trial judge. In New Jersey, the seal is intended to be transitory and will only gain a sense of permanency if a good reason is stated.
Under these circumstances, this court cannot release the transcript to Judge Batten in New Jersey unless there is some assurance that the legislative intent of New York is followed. Judge Batten and this court have discussed this problem and it has been agreed that this court will provide a transcript of this child’s testimony under seal to Judge Batten. Since he is now the trial judge, he will be in the place of this Judge. This transfer from one judge to the other is not an unsealing of the record. CPLR 4019 readily acknowledges open access to “the *412 court.” The phrase “the court” must be interpreted as the trial judge, whomever that individual is. It serves no purpose to interpret “the court” in CPLR 4019 to mean only this particular judge to the exclusion of another trial judge who may have to step in for one reason or another. It is this court’s determination that the phrase “the court” refers to a legal institution hearing the case and not an individual judge who happens to hear the child’s testimony on a particular day while unavailable to do so on another day. Also, this court is convinced that in some cases a review of the transcript by the second trial judge could protect the child from the ordeal of having to testify again.
The important point is that this record is sealed whether viewed by this Judge, who no longer has jurisdiction, or by Judge Batten in New Jersey, who now has exclusive jurisdiction. In addition, this court is satisfied that the assurances of Judge Batten are sufficient to protect this child. It has been agreed between these two trial judges that the transcript can only be made available to Judge Batten upon his commitment to follow the provisions of New York’s CPLR 4019 and determine that the provisions of this statute alone constitute the required “good cause” to prevent the unsealing which would result in adult access to the child’s testimony in the New Jersey litigation.