Keating, J.
A father brings this proceeding to obtain custody of three children who, by the terms of a separation agreement subsequently incorporated into a divorce decree, were in their mother’s custody. Following a hearing, the trial court transferred custody to the father, with visitation rights to the mother.
Although the Appellate Division determined that two errors had occurred during the trial, it nevertheless affirmed because the overwhelming weight of the evidence favored the father. Since we do not find any error which can be said to be prejudicial as a matter of law, the order of the Appellate Division should be affirmed. We would, however, express our disagreement with the conclusion of the Appellate Division that it was error for the trial court, over objection, to interview the children in the absence of counsel.
Appellant argues that it was a deprivation of the fundamental rights of the parties for the trial court to have a confidential interview with the children without the parties’ consent. It is contended such action permits a decision based upon “ secret evidence ”. We cannot accept the argument, persuasive as it might seem at first, because it ignores the fact that, in a custody *272 proceeding arising out of a dispute between divorced parents, the first concern of the court is and must be the welfare and the interests of the children (Domestic Relations Law, § 70). Their interests are paramount. The rights of their parents must, in the case of conflict, yield to that superior demand.
It requires no great knowledge of child psychology to recognize that a child, already suffering from the trauma of a ¡broken home, should not be placed in the position of having its relationship with either parent further jeopardized by having to publicly relate its difficulties with them or be required to openly choose between them. The trial court however, if it is to obtain a full understanding of the effect of parental differences on the child, as well as an honest expression of the child’s desires and attitudes, will in many cases need to interview the child. There can be no question that an interview in private will limit the psychological danger to the child and will also be far more informative and worthwhile than the traditional procedures of the adversary system — an examination of the child under oath in open court.
The burden on a Judge when he acts as parens patries is perhaps the most demanding which he must confront in the course of his judicial duties. Upon his wisdom, insight and fairness rest the future happiness of his wards. The procedures of the custody proceeding must, therefore, be molded to serve its primary purpose, and limited modifications of the traditional requirements of the adversary system must be made, if necessary.
(Kesseler v. Kesseler, 10 N Y 2d 445; People ex rel. Fields v. Kaufmann, 9 A D 2d 375.) The test is whether the .deviation will on the whole benefit the child by obtaining for the Judge significant pieces of information he needs to make the soundest possible decision.
The trial court here concluded that the only method by which it might avoid placing an unjustifiable emotional burden on the three children and, at the same time, enable them to speak freely and candidly concerning their preferences was to assure them that their confidences would be respected. This could only be done in the absence of counsel, and we see no error or abuse of discretion in the procedure followed by the trial court.
*273 There is language in Kesseler v. Kesseler (10 N Y 2d 445, 451, supra) which, by implication, would support the position that an interview in the absence of counsel is improper. The court in Kesseler was dealing with evidence obtained from third parties, principally professional reports. In such a situation the problem presented was how the courts can secure vitally important material, otherwise perhaps not available at all, and, at the same time, be certain of the truthfulness of the information obtained. The conflict was resolved in favor of accuracy. We held that professional reports and independent investigations by the Trial Judge entail too many risks of error to permit their use without the parties’ consent. More important, the interest of the children themselves requires that the accuracy of these professional reports be established and that there be an opportunity to explain or rebut material contained in the reports. (See Use of Extra-Record Information in Custody Cases, 24 U. Chi. L. Rev. 349, 356.) However, the added emotional problems raised by the use of adversary procedures with respect to interviewing children as to their preferences was not considered in Kesseler, since it was unnecessary to do so to resolve the issues there presented.
In approving the procedure followed by the trial court here, we do not gainsay that there are grave risks involved in these private interviews. A child whose home is or has been torn apart is subjected to emotional stresses that may produce completely distorted images of its parents and its situation. Also its feelings may be transient indeed, and the reasons for its preferences may indicate that no weight should be given the child’s choice. Without a full background on the family and the child, these interviews can lead the most conscientious Judge astray.
The dangers, however, can be minimized. We are confident that the Trial Judges recognize the difficulties and will not use any information, which has not been previously mentioned and is adverse to either parent, without in some way checking on its accuracy during the course of the open hearing. (Cf. Knapp v. Knapp, 21 A D 2d 761.) The entire issue is a most delicate one, but in weighing the competing considerations, we are convinced that the interests of the child will be best served by *274 granting to the trial court in a custody proceeding discretion to interview the child in the absence of its parents or their counsel.
The order should be affirmed, without costs.
Chief Judge Fuld> and Judges Burke, Scileppi, Bergan, Brbitbl and Jasen concur.
Order affirmed.