■ In the Matter of SUZANNE RIESER, Appellant, v ROBERT L. RIESER, Respondent.—In a habeas corpus proceeding to determine custody of the infant issue of the parties, the petitioner mother appeals from a judgment of the Supreme Court, Nassau County, dated February 26, 1979, which, after a hearing, *inter alia,* awarded custody to the respondent father. Judgment reversed, on the law and the facts, with costs, the petitioner is awarded custody of the infant, with the same liberal visitation rights afforded to the father as had been granted to the mother, and the proceeding is remitted to Special Term for entry of an appropriate judgment. Robert and Suzanne Rieser were married in 1970 and have one child of the marriage, Roy, born June 26, 1976. On April 24, 1978 the parties signed a separation agreement, which gave custody of Roy to the mother with liberal visitation rights to the father. Within one month of the signing of the agreement, the father did not return Roy to the mother after visitation. This proceeding ensued. The parties stipulated that the mother would be given custody pending a final determination. Following an eight-day hearing, psychiatric evaluations of the parents and the child, and other professional evaluations of the father's sister and brother-in-law, as well as of the mother's parents, the trial court awarded custody to the father on condition that he continue to reside with his sister and brother-in-law. The court observed that "both parents are almost equally unfit", the father primarily because of a history of narcotic addiction, the mother because of "psychotic behavior patterns". The availability of the father's sister and brother-in-law and the home which they could provide tipped the scales in the father's favor in the eyes of the trial court. We are not so persuaded. We believe that "what will best promote [the child's] welfare and happiness" (see Domestic Relations Law, § 70; *Matter of Lincoln v Lincoln,* 24 NY2d 270), is custody in the mother. There is nothing in the father's background nor in his conduct during his marriage to suggest that he is capable of offering stability over a long term. With respect to the mother, no psychotic behavior was discerned by the three professionals, including one psychiatrist, who interviewed her and who recommended that she be the custodial parent. We do not agree with the conclusion of the fourth professional, also a psychiatrist, that the mother is psychotic. We do not think it is appropriate to detail here the rather sordid experiences that comprise each parent's background. What is important to report is that the mother's plans for her child include a babysitter to take care of him for a few hours after school, neighboring mothers who will assist in Roy's after school care when that is necessary, and her own mother who is available in an emergency. We do not agree that this plan is "palpably inadequate" as found by the trial court. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.