■ In the Matter of SAMIE J. LIZZIO, Respondent, v DEBORAH A. JACKSON, Appellant. [640 NYS2d 330] —Cardona, P. J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered July 1, 1994, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for physical custody of the parties' children.

The issue in this proceeding is whether there were sufficient facts before Family Court to warrant granting petitioner's request for a change of custody. Following their separation in 1988, the parties entered into a separation agreement which contained a joint custodial provision with physical custody of the two children with respondent and visitation to petitioner. This custody arrangement was incorporated in the parties' 1991 divorce judgment. In January 1994, petitioner commenced this proceeding contending that custody of both children should be transferred to him, on various grounds, but primarily based on the allegation that respondent was exposing their son, an asthmatic, to second-hand cigarette smoke. Family Court granted the petition to the extent of awarding primary physical custody to petitioner, prompting respondent's appeal.*

Initially, we must disagree with Family Court's conclusion that, in seeking to modify the parties' prior custody arrangement, petitioner was not required to show a change in circumstances. As this Court has noted, "[a] change in an established custody arrangement should be allowed only upon a showing of sufficient change in circumstances demonstrating a real need for a change in order to insure the child's best interest" (*Matter of Kamholtz v Kovary*, 210 AD2d 813, 814; *see, Matter of Irwin v Neyland*, 213 AD2d 773). The determination necessitates an inquiry into a number of factors relevant to the child's best interest, including the quality of the parents' home environments, the length of time the present custody arrangement was in place, relative fitness and ability to provide the

---

* Family Court also dismissed two petitions filed by respondent concerning petitioner's visitation rights. They are not at issue in this appeal.

requisite intellectual and emotional development for the child (*see, Matter of Irwin v Neyland, supra*). Here, however, it appears from Family Court's decision that it focused exclusively on respondent's smoking. Family Court concluded that "[b]ut for that issue and the health risk that smoking poses, the [c]ourt would continue the custody arrangement as the parties agreed some years ago". Although we understand, appreciate and agree with the court's concern in that regard, a review of the record compels us to conclude that this factor alone did not warrant a change in physical custody (*see generally, Verity v Verity*, 107 AD2d 1082, *affd* 65 NY2d 1002; *see also, Matter of Manchester v Whitbeck*, 220 AD2d 837, 838-839).

The parties' son was diagnosed with asthma in 1986, prior to their separation, and in 1990 was also diagnosed with various allergies which included cigarette smoke. Respondent has always smoked and was doing so when the parties' divorced in 1991. In addition, although petitioner claimed that the son's health was deteriorating and that his asthma attacks were more frequent, there is no evidence in the record supporting these assertions. It is not disputed that respondent smoked in her son's presence until petitioner commenced this proceeding. At that time, Family Court issued a temporary restraining order prohibiting either parent from exposing the son to tobacco smoke. It is also not disputed that since then, respondent and her current husband smoke outside or on the back porch.

In our view, while we find that there was insufficient evidence to change physical custody, given the fact that the son is asthmatic and has been diagnosed as being allergic to cigarette smoke, both parents shall continue to observe Family Court's order directing adherence to the instructions of their son's allergist. We stress that our determination is based on the fact that respondent's smoking did not warrant a change in custody and should in no way be construed as reflecting negatively on petitioner's ability to parent the children.

Furthermore, we believe it appropriate to delay the transfer of physical custody to respondent until the end of the children's current school year. Therefore, the parties shall consult in order to arrange a mutually agreeable date and, in the event the parties cannot agree, Family Court shall establish the date of transfer. It is for this purpose that we remit the matter to Family Court.

Mercure, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded physical custody of the parties' children to petitioner; physical

custody of the parties' children awarded to respondent, both parties shall continue to observe Family Court's order directing adherence to the instructions of their son's allergist, and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. [See, 162 Misc 2d 701.]