■ In the Matter of ERNEST L. SELLEN, JR., Respondent, v LINDA W. WRIGHT, Appellant. [645 NYS2d 346] —Spain, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered April 20, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of Jason Wimer.

The parties have a son who was born in 1984.[1] At all times prior to the commencement of the instant proceeding, Jason was in custody of respondent; petitioner exercised weekend visitation, which had been expanded to include Thursday nights. Petitioner filed the instant petition alleging that Jason was engaged in self-destructive behavior and that respondent was unwilling and/or unable to meet his needs; Family Court granted petitioner temporary custody pending a hearing. After a hearing at which both parties and Jason's Law Guardian had an opportunity to present evidence, and a *Lincoln* hearing, Family Court determined that the best interest of Jason dictated a change of custody and therefore granted the petition. Respondent appeals.

It is beyond cavil that the paramount consideration in any custody matter is the best interest of the child (*see, Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903; *Hathaway v Hathaway*, 175 AD2d 336) and any modification of a preexisting custody arrangement will only be made upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest of the child (*see, Matter of Lizzio v Jackson*, 226 AD2d 760; *Matter of Williams v Williams*, 188 AD2d 906; *Matter of Van Hoesen v Van Hoesen, supra; see also*, Family Ct Act § 652 [a]). The factors included in any inquiry of the requisite change in circumstances include the parent's fitness and ability to provide for the child's intellectual, emotional and psychological development, the length and quality of the preexisting custody arrangement, the quality of the parent's home environment and the child's prospects for the future (*see, Matter of Lizzio v Jackson, supra; Matter of Irwin v Neyland*, 213 AD2d 773). Applying those rules of law to the instant matter, we conclude that the record fully supports Family Court's determination.

1. An order of filiation adjudging and declaring petitioner as the biological father of Jason was entered in Onondaga County on April 2, 1990.

The record reveals that respondent had been unwilling to participate in Jason's intellectual or psychological development. Jason's fourth and fifth grade teachers testified that the child was unprepared for class, was underachieving and that it was difficult and sometimes impossible for them to communicate with respondent. The teachers further testified that after Jason's regular weekend visitation with petitioner the child's homework would be complete, unlike during the week when he was with respondent.

Most disturbing, however, is respondent's lack of understanding and unwillingness to cope with Jason's psychological problems. The school psychologist testified that he conducted a psychological evaluation of Jason which revealed that he had average intelligence and low self-esteem. The psychologist further testified that following a second evaluation a year later, Jason talked about having suicidal thoughts. The psychologist expressed immediate concern and made a genuine effort to contact respondent, to no avail. The school counselor testified that she attempted to communicate with respondent regarding disturbing notes that Jason had written; the counselor wanted him involved in a mentoring program. The counselor's attempt to communicate with respondent was unsuccessful; however, petitioner was very interested in participating in counseling with Jason.

The record reveals that petitioner played the instrumental role in accessing appropriate counseling and also reveals that petitioner had an excellent employment history, had made adequate accommodations for Jason, enjoyed a stable family environment and did not have a criminal background. In contrast, respondent had a spotty employment history, offered the child dirty and unkept living arrangements and had extensive involvement with the criminal justice system stemming from her abuse of alcohol. The testimony indicated that during the short time that he was in the temporary custody of petitioner, Jason's school work improved, as did his overall appearance and attitude, and that his prospects for a stable future were excellent.

Further, we reject respondent's contention that Family Court erred by refusing to disclose the contents of the *Lincoln* hearing.[2] Children must be protected from having to openly choose between parents or openly divulging intimate details of their

---

2. We note that the confidentiality of the in camera *Lincoln* hearing in this case has been breached. Parts of the transcript have been reproduced and included in the appendix to each of the briefs submitted on behalf of respondent and petitioner. The child's right to the confidentiality provided in

respective parent/child relationships (see, *Matter of Lincoln v Lincoln*, 24 NY2d 270, *supra*). This protection is achieved by sealing the transcript of the in camera *Lincoln* hearing. Respondent has failed to address the specifics of any harm or prejudice that resulted from the court's ruling. Upon review of the entire record, we conclude that Family Court properly denied respondent access to the transcript of the *Lincoln* hearing.

Finally, respondent failed to establish and the record fails to support the kind of parental cooperation, communication and lack of antagonism necessary to grant joint custody (see, *Matter of Schwartz v Schwartz*, 144 AD2d 857, 858, *lv denied* 74 NY2d 604).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

*Matter of Lincoln v Lincoln* (24 NY2d 270) has been violated. The transcript of the *Lincoln* hearing in this case should have been sealed and made available only to an appellate court unless Family Court directed otherwise, and we find no direction to the contrary in the record (see, *Matter of Ladd v Bellavia*, 151 AD2d 1015, 1016).