■ In the Matter of DAVID A. RAUSCHMEIER, Respondent, v LORI A. RAUSCHMEIER, Appellant. (And Three Other Related Proceedings.) [654 NYS2d 54] —Mikoll, J. P. Appeal from two orders of the Family Court of Broome County (Ray, J.), entered March 21, 1996 and April 15, 1996, which, *inter alia,* granted petitioner's applications, in four proceedings pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties were married in 1976 and separated in 1994. They have four children: Timothy (born in 1981), Lisa (born in 1985), Julie (born in 1988) and Kelly (born in 1992). Pursuant to an agreement which was reduced to a Family Court order on May 15, 1995, the parties had joint custody of the children, the three eldest living with petitioner and the youngest with respondent.

In July 1995, petitioner sought an order of modification of custody and visitation and an order finding a violation of the May 15, 1995 joint custody order. A guardian ad litem was appointed for the children. On July 14, 1995, respondent's visitation rights with the three eldest children were suspended at respondent's own request. Respondent filed a petition seeking sole custody of the children. On September 14, 1995 Family Court modified its prior order, after a hearing, and allowed supervised visitation between respondent and the three eldest children. Petitioner, on October 21, 1995, filed a petition seeking sole custody of all four children. This was heard in conjunction with respondent's like petition. After trial, which included *Lincoln* hearings (*see, Matter of Lincoln v Lincoln,* 24 NY2d 270) conducted in camera with the three eldest children, the court, by order of March 8, 1996, awarded sole custody of all the children to petitioner with supervised visitation granted to respondent. The decision noted as its basis respondent's verbal abuse and instability. The order was subsequently amended disallowing respondent telephone access to the children.

On this appeal respondent alleges that Family Court erred in granting sole custody to petitioner and in requiring supervised visitation for respondent with the children. We find that Family Court's determination was grounded on sound legal principles, that is, the best interests of the children under the totality of the circumstances (*see*, Domestic Relations Law § 240; *Feltman v Feltman*, 99 AD2d 540, 540-541). Respondent's constant denigration of petitioner and her tirades over the phone directed at the children, which visibly upset them, made continued joint custody unworkable and clearly indicated that petitioner was the more responsible parent under the circumstances.

Family Court's limitation of visitation to two hours a week because of respondent's uncooperative and uncivilized behavior, though very restrictive, was indicated because of the detrimental impact of her behavior on the children (*see*, *Matter of Schack v Schack*, 98 AD2d 802). We find that Family Court did not abuse its discretion. Its decision is entitled to respect in that it is based on substantial evidence in the record (*see*, *Valenza v Valenza*, 143 AD2d 860, 862).

We reject respondent's contention that Family Court was remiss in the conduct of *Lincoln* hearings in failing to include the participation of the two litigants and their counsel (*see*, *Matter of Lincoln v Lincoln*, 24 NY2d 270, 271, *supra*).

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.