■ In the Matter of LUGENE WALKER, Appellant, v THOMAS TALLMAN, Respondent. [683 NYS2d 329] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered January 17, 1998, which, *inter alia,* granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

Petitioner and respondent are the parents of three children. After the parties separated, they stipulated to a Family Court order granting them joint custody of the children but providing for primary physical custody to petitioner. Subsequently, petitioner filed a petition seeking sole custody of the children, primarily alleging that respondent was unable to control his temper and was verbally abusive. Respondent filed a cross petition for sole custody upon the grounds that petitioner was physically and emotionally abusive toward the children, that she abused alcohol and that he was better able to provide for the children. Following a fact-finding hearing, Family Court denied the petition and granted the cross petition, concluding that although the fitness of both parties "is suspect * * * it appears to be in the best interests of the children for [r]espondent

to act as custodian of the children, supported by the paternal grandparents".

On appeal, petitioner raises but three discrete issues; all are found to be lacking in merit. Initially, we are unpersuaded that Family Court erred as a matter of law in failing to appoint a Law Guardian to represent the children's interests or by failing to speak with the children directly regarding their preferences. It has been firmly established that, although "highly recommended" (*Matter of Scalia v Scalia*, 217 AD2d 780, 782), in a custody proceeding the appointment of a Law Guardian is a discretionary and not a mandatory function of a Family Court Judge (*see, Richard D. v Wendy P.*, 47 NY2d 943). Considering the voluminous record produced at the fact-finding hearing, which included the testimony of close family members of the children, we conclude that the children were not prejudiced by the lack of a Law Guardian and that Family Court did not abuse its discretion in failing to appoint one (*see, id.*).

We also reject petitioner's contention that Family Court erred in failing to interview the children. The decision to interview the children in a custody dispute, although preferable, is not mandatory, but rather lies within the discretion of the trial court (*see, Matter of Lincoln v Lincoln*, 24 NY2d 270; *Matter of Mitchell v Mitchell*, 209 AD2d 845, 847). Given the subject matter of the hearing evidence, particularly the evidence as to the abusive relationship between the parties, interviewing the children as to their preferences would have provided no additional useful information upon which to base a custody decision. Accordingly, we find no error in Family Court's decision not to hold a *Lincoln* hearing.

Finally, we reject the contention that because Family Court failed to accord appropriate weight to the evidence of respondent's abuse of petitioner, its award of sole custody to respondent lacks a sound and substantial basis in the record and is against the weight of the evidence. It is clear from Family Court's decision that it gave due consideration to both parties' propensity toward verbal and physical abuse and concluded that the evidence in that regard favored neither of them, effectively negating that issue. In fact, the evidence militating against an award of custody to either party was so compelling that Family Court was ultimately forced to base its determination on the mere fact that respondent had made some efforts toward becoming a better parent and could look to his parents as a source of assistance in raising the children. Apparently, Family Court could point to no similar circumstance favoring an award of sole custody to petitioner.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.