◼ In the Matter of DIANE GALLOGLY, Appellant, v JOHN GALLOGLY, Respondent. [738 NYS2d 619] —Appeal from an order of Family Court, Oneida County (Cook, J.), entered December 26, 2000, which denied the petition seeking visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order denying her petition seeking visitation with her two children. Contrary to the contention of petitioner, Family Court did not abuse its discretion in refusing to conduct in camera interviews with the children. "The decision to interview the children in a [visitation] dispute, although preferable, is not mandatory, but rather lies within the discretion of the trial court" (*Matter of Walker v Tallman,* 256 AD2d 1021, 1022, *lv denied* 93 NY2d 804; *see also, Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-274). It cannot be said that the court abused its discretion where, as here, it considered petitioner's request to conduct in camera interviews, heard argument of the Law Guardian in opposition to the request, and declined to conduct such interviews (*see, Matter of McGrath v Collins,* 202 AD2d 719, 720; *see also, Bar-*

*bato v Barbato,* 264 AD2d 792, 793). We further conclude that the court's determination that visitation with petitioner would be harmful to the children has a sound and substantial basis in the record and should not be disturbed (*see generally, Matter of Battaglia v Hopkins,* 280 AD2d 953, 954). Present—Green, J.P., Pine, Kehoe and Gorski, JJ.