■ In the Matter of DANIELLE A. VERRY, Appellant, v JEFFREY J. VERRY, SR., Respondent. (And Another Related Proceeding). [880 NYS2d 730]—

Kavanagh, J. Appeal from an order of the Family Court of Chenango County (Sullivan, J.), entered March 19, 2008, which granted respondent's application, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have two children (born in 1993 and 1995). Pursuant to a May 2007 order of custody, entered on agreement by the parties, the parties continued to have joint custody of their two children, with the primary residence of the children being with the father and the mother having visitation, among other

times, on alternate weekends from Friday to Monday, and one evening during the week. In September 2007, the mother filed a custody petition seeking full custody of the younger child. The father filed a petition to modify visitation asking that the mother's mid-week visitation with the children be eliminated.[1] After two court appearances, and after Family Court conducted a *Lincoln* hearing with the younger child, the parties reached an agreement that joint custody would continue, the children's primary physical residence would remain with the father and the May 2007 order would be modified to eliminate the mother's midweek visitation with the children, but provided her with visitation from Friday to Sunday, three times each month. An order was entered memorializing the parties' agreement, from which the mother now appeals.

Both the mother and Law Guardian argue that the stipulated order should be vacated because the settlement was reached only after Family Court disclosed to the parties portions of what the child stated during the *Lincoln* hearing.[2] Undoubtedly, what transpires at a *Lincoln* hearing as a general rule is confidential and "the child's right to confidentiality should remain paramount absent a direction to the contrary" (*Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676 [2000] [citation omitted]; *see Matter of Lincoln v Lincoln*, 24 NY2d 270, 272-273 [1969]). While the court's disclosure of what transpired at the *Lincoln* hearing was unfortunate—and should not have occurred—we cannot say that it constitutes a basis for disturbing an order based upon an otherwise valid agreement between the parties.

The mother appeals from an order that "was entered upon the consent of the parties, the terms of which were clearly set forth on the record" (*Matter of Sterling v Dyal*, 52 AD3d 894, 895 [2008]; *see Matter of Moore v Moore*, 56 AD3d 982, 983 [2008]). Almost three months passed after Family Court conducted the *Lincoln* hearing before the parties agreed to the stipulation. At no time during that period, or on the court date when the terms of the stipulation were entered into the record,

---

1. The mother's petition alleged that the father was utilizing excessive corporal punishment upon the children. The father's petition alleged that the mother was routinely failing to send the youngest child to school without explanation or justification.

2. The Law Guardian argues that it was error for Family Court to conduct the *Lincoln* hearing before the fact-finding hearing was held on the petitions. To this extent, we note that at the initial appearance on the petitions, the Law Guardian represented that the child was "fairly adamant about [wanting] an opportunity to speak with [the court]," and neither the Law Guardian nor any other party indicated that when the *Lincoln* hearing was scheduled, it should be delayed.

did any of the parties request that the court proceed with a hearing on the petitions. In fact, at that appearance, when asked in the presence of their counsel if they had any questions regarding the stipulation or the terms of the agreement as set forth on the record, both the mother and father stated that they understood the terms of the stipulation and were prepared to agree to it. While the mother suggests that the court's disclosures of the child's testimony given during the *Lincoln* hearing somehow coerced her into giving up her right to a hearing, Family Court specifically noted that after speaking with the child, and prior to the parties entering into the stipulation, it was not inclined to change the prior order without conducting a hearing on the petitions. Based on this representation, the parties independently reached their decisions to settle the issues that divided them. Moreover, we see no reason to disturb Family Court's findings, as confirmed by the Law Guardian, that the terms as set forth in the stipulation were in the children's best interests. Therefore, we reject the mother's claim that she entered into the stipulation under duress and, as "no appeal lies from an order on consent," the appeal must be dismissed (*Matter of Sterling v Dyal*, 52 AD3d at 895; *see* CPLR 5511; *Matter of Moore v Moore*, 56 AD3d at 983).

Cardona, P.J., Mercure, Stein and McCarthy, JJ., concur. Ordered that the appeal is dismissed, without costs.