■ In the Matter of JEANNINE M. RIVERA, Respondent, v MICHAEL D. LASALLE, Respondent. CHRISTOPHER HAMMOND, as Attorney for the Children, Appellant. [923 NYS2d 254]—

Garry, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered December 15, 2009, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) have two children (born 1998 and 2001). The parties divorced in 2007 pursuant to a separation agreement in which they agreed to continue an alternating week-to-week joint custody arrangement they had begun in 2005. In May 2009, the mother commenced this modification proceeding seeking primary physical custody of both children on the ground that the week-to-week arrangement had become unworkable due to the children's growth, their increasing involvement in athletic and extracurricular activities and the location of the mother's home approximately one hour from their school. Following a two-day fact-finding hearing and a *Lincoln* hearing, Family Court awarded primary physical custody to the father. The attorney for the children appeals, contending that the court erred in determining that it was in the children's best interests to live with the father.

Initially, we agree with the assertion that Family Court breached the children's right to confidentiality by revealing the preferences that they expressed during the *Lincoln* hearing and in a subsequent letter to the court allegedly written by the younger child (*see generally Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]).* While this error appears wholly inadvertent, and would not justify disturbing an otherwise valid custody determination (*see Matter of Verry v Verry*, 63 AD3d 1228, 1229 [2009], *lv denied* 13 NY3d 707 [2009]), we reiterate that "[c]hildren must be protected from having to openly choose between parents or openly divulge intimate details of their respective parent/child relationships" (*Matter of Sellen v Wright*, 229 AD2d 680, 681-682 [1996]). Their right to confidentiality "remain[s] paramount absent a direction to the contrary" (*Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676 [2000]).

The attorney for the children contends that Family Court

---

* During the 10-day period between the *Lincoln* hearing and the conclusion of the fact-finding hearing, the father delivered the letter to the attorney for the children and then to Family Court. The court had a brief discussion with the father, who testified that the younger child had written the letter and that the father did not know its contents. The court then advised the parties that the letter would be sealed and treated as part of the *Lincoln* hearing. Unfortunately, the letter was thereafter lost and has not been recovered.

gave insufficient weight to the children's preferences—in particular, those expressed by the older child—in making its best interests determination. Family Court is, of course, not required to abide by the wishes of a child to the exclusion of other factors in the best interests analysis (*see Matter of Smith v Smith*, 61 AD3d 1275, 1277-1278 [2009]). If such were the case, " 'then all a court would be required to decide is whether [a child's] preference of parent is voluntary and untainted and then follow the child's wish' " (*Matter of Cornell v Cornell*, 8 AD3d 718, 719 [2004], quoting *Dintruff v McGreevy*, 34 NY2d 887, 888 [1974]). However, a child's wishes are "some indication of what is in [his or her] best interests" (*Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Though not dispositive, a child's preferences are one of the factors to be considered in making a custody determination (*see Matter of Valenti v Valenti*, 57 AD3d 1131, 1136 [2008], *lv denied* 12 NY3d 703 [2009]; *Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]).

Here, Family Court stated that both children "expressed an unequivocal position" during the *Lincoln* hearing, but that the court placed little weight on either child's preference as the children subsequently retracted that position in the letter to the court. When the record supports a finding that a child's wishes are "confused and changing," they may be given little weight (*Matter of Gravelding v Loper*, 42 AD3d 740, 743 [2007]). However, this record does not support such a determination, at least as to the older child. The only indication that either child's preference had changed was allegedly contained in the letter, which cannot be examined as it was lost. Additionally, while the court's decision states that the letter came from both children, the father stated that it was written by the younger child alone; on this record, it is impossible to determine whether the text supported its attribution to both children. Notably, in determining the best interests of more than one child, "the court must be cognizant of the individual needs of each child" and should therefore give separate consideration to each child's preferences (*Eschbach v Eschbach*, 56 NY2d at 172). Given the circumstances of the letter's delivery, we note our concern that there was minimal inquiry conducted to explore the reasons for the alleged change in preference or to ascertain "the potential for influence having been exerted" (*id.* at 173). The receipt of the unsworn letter called for further development on the record— either through the attorney for the children or by means of a second *Lincoln* hearing—to determine why the preference had changed, whether the children's wishes had diverged and, if so, whether their continued representation by the same attorney presented any potential conflict of interest (*compare Barbara*

*ZZ. v Daniel A.*, 64 AD3d 929, 933-934 [2009]; *Corigliano v Corigliano*, 297 AD2d 328, 329 [2002]).

The weight to be given to a child's preference in a custody determination becomes greater as the child ages (*see Matter of Passero v Giordano*, 53 AD3d 802, 804 [2008]). Here, the older child was nearly 11 years old at the time of the *Lincoln* hearing—an age at which his wishes were not necessarily entitled to the "great weight" we accord to the preferences of older adolescents (*Matter of McGovern v McGovern*, 58 AD3d 911, 913 n 2 [2009]; *see Matter of Cornell v Cornell*, 8 AD3d at 719; *Matter of Oddy v Oddy*, 296 AD2d at 617). However, based on the older child's level of maturity and ability to articulate his preferences as reflected in the *Lincoln* hearing transcript, we are persuaded that the unequivocal position he expressed at that time was, at minimum, "entitled to consideration" (*Matter of Lowe v O'Brien*, 81 AD3d 1093, 1096 [2011]; *compare Matter of Winston v Gates*, 64 AD3d 815, 818 [2009]). The absence from the record of the letter or of any other evidence that the older child's position had changed prevents us from determining whether a sound and substantial basis existed for Family Court's decision to give it little weight.

Moreover, upon this limited record, we are troubled by the possibility that the lack of weight given to the children's wishes may have affected Family Court's decision. The chief reason noted by the court for the award of physical custody to the father was that he resided in the district where the children were attending school, and awarding custody to the father would allow the children to continue to engage in their academic, athletic and extracurricular activities without disruption. Other factors discussed by the court were either equally balanced between the parents or appeared to inure more to the benefit of the mother than the father. The court found that the children enjoyed good relationships with both parents, that the mother and father had a generally civil and amicable relationship with one another, and that they were able to make joint decisions in the children's best interests. With regard to their "past performance, relative fitness and ability to guide and provide for the child[ren]'s development—both intellectually and emotionally" (*Matter of McGovern v McGovern*, 58 AD3d at 914-915), the court described the mother as "a sincere and well-meaning parent, acting in the best interest of her children." As to the father, however, the court expressed significant concern over an angry altercation that had taken place between the father and the maternal grandmother in the presence of one of the children, and the father's sarcasm and anger when questioned in

court about the incident. Ultimately characterizing the altercation as an isolated act of domestic violence, the court cautioned the father that such conduct could affect future custody and visitation determinations and was "best not repeated." Family Court also noted that a new girlfriend had recently moved into the father's home and the children had some difficulty getting along with the girlfriend's son.

Given the closeness of the determination and the deficiencies in the record regarding the children's wishes, this Court can neither conclude that a sound and substantial basis exists for Family Court's award of custody to the father (*see Matter of Hurlburt v Behr*, 70 AD3d 1266, 1268 [2010], *lv dismissed* 15 NY3d 943 [2010]), nor can we accord appropriate weight to the children's preferences in conducting our own independent review (*see Matter of Brown v Brown*, 52 AD3d 903, 905 [2008]; *Castler v Castler*, 233 AD2d 720, 721 [1996]). We therefore remit to Family Court for further proceedings.

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as awarded primary physical custody to respondent; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision, and, pending a new determination, custody of the children shall remain temporarily with respondent; and, as so modified, affirmed.