■ In the Matter of Jessica B., Individually and on Behalf of Joseph B., an Infant, Respondent, v Robert B., Respondent. Thomas R. Cline, as Attorney for the Child, Appellant. [961 NYS2d 608]—

Garry, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered August 9, 2011, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with her sibling.

Petitioner, who lives in Massachusetts, has two younger siblings, Joseph B. (born in 1994) and Melissa B. (born in 1997). Joseph and Melissa resided together in Broome County, in the custody of respondent, their paternal uncle, until September 2010. Joseph then moved to Massachusetts, where he resides with petitioner and in the custody of the Massachusetts Department of Children and Families. In November 2010, petitioner

commenced this proceeding on behalf of herself and Joseph, seeking visitation with Melissa. Family Court granted visitation following a hearing, but, citing Joseph's troubled background, limited visitation to occur during daytime hours, on one weekend per month, in Broome County. The attorney for the child representing Joseph appeals.

The sole issue raised on this appeal is a challenge to Family Court's denial of the request by the attorney for Joseph for a *Lincoln* hearing to ascertain Melissa's wishes (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]). Such a hearing, though often preferable, is not mandatory, and the determination is addressed to Family Court's discretion (*see Matter of DeRuzzio v Ruggles*, 88 AD3d 1091, 1091 [2011]; *Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998], *lv denied* 93 NY2d 804 [1999]). Here, on the final day of the fact-finding hearing, the attorney representing Joseph made a written application requesting that the court conduct a *Lincoln* hearing prior to rendering a determination, but the attorney representing Melissa stated that a *Lincoln* hearing was not necessary, as he would convey her wishes.* Notably, the appellate attorney for the child representing Melissa offers strong support for Joseph's appeal, alleging that Melissa's wishes were not in fact accurately or adequately conveyed by her trial counsel. In light of this argument, we find our record lacking. Although not determinative, the wishes of this 14-year-old child should be considered, and the insight she may provide will be helpful; thus, in these unusual circumstances, we remit for a *Lincoln* hearing (*see Matter of Flood v Flood*, 63 AD3d 1197, 1199 [2009]; *see also Matter of Tamara FF. v John FF.*, 75 AD3d 688, 690 [2010]).

Mercure, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

---

* The timing of the request was appropriate, as *Lincoln* hearings are properly held during or after fact-finding (*see Matter of Spencer v Spencer*, 85 AD3d 1244, 1245 [2011]).