# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: July 16, 2015       519006
_____

In the Matter of DAVID BARR
    BATTIN,
               Respondent,

     v

TAMI LYNNE BATTIN,
               Appellant.

(Proceeding No. 1.)
_____        MEMORANDUM AND ORDER

In the Matter of TAMI L.
    BATTIN,
               Appellant,

     v

DAVID B. BATTIN,
               Respondent.

(Proceeding No. 2.)

(And Another Related Proceeding.)
_____

Calendar Date: June 4, 2015

Before: Garry, J.P., Rose, Devine and Clark, JJ.

_____

     Donna C. Chin, Ithaca, for appellant.

     David Barr Battin, Utica, respondent pro se.

     Susan B. McNeil, Ithaca, attorney for the child.

_____

Garry, J.P.

Appeal from an order of the Family Court of Tompkins County (Cassidy, J.), entered April 18, 2014, which, among other things, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 6, to modify a prior order of custody.

David B. Battin (hereinafter the father) and Tami L. Battin (hereinafter the mother) are the parents of two sons (born in 1995 and 1998). The parties have previously engaged in extensive custody litigation, culminating in a 2009 order that, among other things, continued a provision from a prior order placing the sons in the mother's sole custody. In December 2012, the younger son left the mother's home, traveled to the father's home and refused to return to the mother's custody. The father thereafter commenced a custody modification proceeding, and the mother commenced proceedings seeking enforcement of the 2009 order, among other things. Following a fact-finding hearing, Family Court placed the younger son in the father's sole custody, with parenting time for the mother according to the younger son's wishes.[1] The mother appeals.

The mother contends that Family Court erred in failing to conduct a Lincoln hearing and in finding that, at age 16, the younger son was too old for such a hearing. We note that confidential Lincoln hearings are conducted in proceedings pursuant to Family Ct Act article 6 because "[a] child who is explaining the reasons for his or her preference . . . 'should not be placed in the position of having his or her relationship with either parent further jeopardized by having to publicly relate his or her difficulties with them or be required to openly choose between them'" (Matter of Julie E. v David E., 124 AD3d 934, 937 [2015], quoting Matter of Lincoln v Lincoln, 24 NY2d 270, 272 [1969] [brackets omitted]; compare Matter of Justin CC. [Tina CC.], 77 AD3d 207, 209-212 [2010]). These considerations apply with equal force to children of all ages; indeed, it may be particularly important to ensure that older children have the

---

[1] The older son had reached the age of 18 during the pendency of the proceedings, and was not included in the order.

opportunity to express their views in confidence, as their preferences are given great weight in custody proceedings (see Matter of Casarotti v Casarotti, 107 AD3d 1336, 1339 [2013], lv denied 22 NY3d 852 [2013]; Matter of McGovern v McGovern, 58 AD3d 911, 913 n 2 [2009]).

However, a review of the record here reveals that the mother directly opposed the request for such a hearing; when the father and the attorney for the child requested that Family Court conduct a confidential Lincoln interview with the child, the mother's counsel objected, stating that the mother would not consent, and — directly contradicting her appellate arguments — asserting that the younger son was old enough to testify in open court.[2]  Accordingly, the mother's claims are unpreserved (see Matter of Baxter v Perico, 288 AD2d 717, 717-718 [2001]).  In any event, although Lincoln hearings are preferable, they are not mandatory; we would have found no abuse of discretion in view of, among other things, the ample, undisputed record evidence regarding the younger son's preferences (see Matter of Walker v Tallman, 256 AD2d 1021, 1022 [1998], lv denied 93 NY2d 804 [1999]).

Rose, Devine and Clark, JJ., concur.

---

[2]  The younger son was not ultimately called as a witness, and he did not testify.  For the reasons stated above, calling a child to testify in a Family Ct Act article 6 proceeding is generally neither necessary nor appropriate; a Lincoln hearing is the preferred manner for ascertaining a child's wishes.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court