## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: March 3, 2016          520293
_____

In the Matter of REYNALD
    GONZALEZ,
                 Respondent,

     v                         MEMORANDUM AND ORDER

DIANE E. HUNTER,
                   Appellant.

(And Two Other Related Proceedings.)
_____

Calendar Date: January 11, 2016

Before: McCarthy, J.P., Egan Jr., Lynch and Devine, JJ.

_____

      Sandra M. Colatosti, Albany, for appellant.

      Somma & Sullivan, Vestal (Michael J. Sullivan of counsel), for respondent.

      Donna Chin, Ithaca, attorney for the child.

_____

Lynch, J.

      Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 26, 2014, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

      Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a daughter (born in 2001). An order of custody was issued in November 2007, which granted sole custody to the father and visitation to the mother.

In August 2013, the father filed an amended petition seeking to limit the child's visitation with the mother, asserting that the child felt unsafe with her.  On October 22, 2013, Family Court signed competing orders to show cause by which the mother sought an award of sole custody and the father applied to suspend all visitation.  A week later, the mother filed a violation petition contending that the father had withheld the child from numerous scheduled visits.  Several weeks before the trial commenced, the court conducted what it referred to as an "in camera" appearance with the child on March 3, 2014, during which counsel for the parties and the attorney for the child were present, but not the parents.  The court characterized the proceeding as a "mixed record," in that the court would consider the child's testimony in making findings of fact, but the record would be sealed to the extent that neither party would have access.  While there was very little elaboration on the record for this format, the attorney for the child reminded the court at the start that the father's attorney was calling the child as a fact witness.  No objections were raised, and the child was questioned under oath on both direct and cross-examination as to certain visitation events, as well as her preferences for continued visitation with the mother and where she wanted to live.  At the conclusion of the trial, Family Court granted the father's petitions, limiting the mother's visitation to one four-hour period per week and precluding her access to the child's educational and medical records/providers.  The court dismissed the mother's violation petition.  The mother appeals.

In our view, there is a sound and substantial basis in the record for Family Court's decision to reduce the mother's visitation, and limit her access to the child's medical/educational information.  There is no dispute that the relationship between the mother and the child has deteriorated to the point where the child has consistently refused to attend visitation with the mother.  This breakdown in the relationship constituted a change in circumstances that warranted an inquiry into whether a modification of the existing order was necessary to ensure the best interests of the child (see Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1117 [2011]).  There are several instances in the record that call into question the mother's fitness as a parent.  To illustrate, in the midst of the

visitation controversy, the mother created a scene at the child's school on October 24, 2013, when she attempted to physically pull the child from the school bus in a "bear hug[]." On one occasion in August 2013, the mother left the child home alone without explanation. The child ended up calling 911 and was subsequently picked up by her father. While the father has sole custody, the mother took the child to a counselor of her own choosing even though the child was already engaged in counseling with another therapist. The mother downplayed the degree of force used, but admitted hitting and kicking the child on a number of occasions and threatening her with the use of force. Correspondingly, the child's therapist testified that the child was reluctant to attend visitation for fear of being harmed by her mother and recommended a decreased amount of visitation, with input from the child, to reduce her anxiety. Given the above, and according due deference to Family Court's ability to assess witness credibility, we find ample support for Family Court's determination that it is in the best interests of the child to reduce visitation hours for the mother and limit the mother's access to the child's medical and school records (see Matter of Brown v Erbstoesser, 85 AD3d 1497, 1499-1500 [2011]; Matter of Braswell v Braswell, 80 AD3d 827, 830 [2011]; Matter of Sassower-Berlin v Berlin, 58 AD3d 635, 637 [2009]; Matter of Flamio v Flower, 46 AD3d 1265, 1265 [2007]).[1]

We are not persuaded by the mother's complaint that Family Court erred in failing to direct the parties to engage in family counseling so as to enable the mother to repair her relationship with the child. There is a contentious history between the parents, and the mother's behavior, and its impact on the child, is disconcerting. That said, the child's therapist suggested that a combination of less contact with the mother and possible family therapy might be beneficial. She hesitated in making that recommendation at present, however, over concerns of retaliation

---

[1] In her brief, the attorney for the child argues that the mother should have no contact with the child, but, having failed to file a notice of appeal, the contention is not properly before this Court (see Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1201 [2011], lv denied 18 NY3d 803 [2012]).

for what would be discussed during family therapy. On this record, Family Court did not abuse its discretion in directing the father to arrange for the child to continue in counseling, leaving open the prospect of future parent involvement, while encouraging the mother to personally engage in counseling to assist in mending her relationship with the child.

As for the mother's violation petition, as Family Court aptly observed, the child may have adopted her father's contentious attitude towards the mother, but there is no evidence that he actively interfered with the mother's visitation or encouraged her not to visit the mother. As such, the court properly dismissed the violation petition.

We also find unpersuasive the mother's further contention that she was deprived of meaningful representation because her attorney failed to formally move to reopen the case after two indicated child protective reports against her were reversed. Family Court briefly noted in its decision that the mother had two "indicated" reports "concerning [the child] and some of the incidents which this hearing concerned." These underlying incidents were explored in full during the testimony of the child protective caseworker and through the mother's own testimony. As such, the mother was not prejudiced by counsel's failure to move to reopen the proof, and the record otherwise confirms that counsel provided meaningful representation throughout the proceedings (see Matter of Robinson v Bick, 123 AD3d 1242, 1243 [2014]; Matter of Knight v Knight, 92 AD3d 1090, 1093 [2012]).

Finally, we take this opportunity to express our concern with Family Court's "mixed record" format utilized to obtain the child's testimony. In the context of a Family Ct Act article 6 proceeding, this Court has emphasized that "a Lincoln hearing is the preferred manner for ascertaining a child's wishes" (Matter of Battin v Battin, 130 AD3d 1265, 1266 n 2 [2015]; accord Matter of Gerber v Gerber, 133 AD3d 1133, 1135 n 6 [2015]). The fundamental reason is that a child being asked to explain his or her preferences "should not be placed in the position of having [his or her] relationship with either parent further jeopardized by having to publicly relate [his or her] difficulties with them or be required to openly choose between them" (Matter of Lincoln

v Lincoln, 24 NY2d 270, 272 [1969]; see Matter of Julie E. v David E., 124 AD3d 934, 937 [2015]).  A true Lincoln hearing is conducted in confidence with the court, with only the attorney for the child in attendance, and it is of utmost importance to recognize "that the right to confidentiality during a Lincoln hearing belongs to the child and is superior to the rights or preferences of the parents" (Matter of Julie E. v David E., 124 AD2d at 937; see Matter of Rohde v Rohde, 135 AD3d 1011, 1011 n [2016]; compare Matter of Justin CC. [Tina CC.], 77 AD3d 207, 209-212 [2010]).  While the premise for this hearing was the father's request to present the child as a fact witness, as we have recently observed, "calling a child to testify in a Family Ct Act article 6 proceeding is generally neither necessary nor appropriate" (Matter of Battin v Battin, 130 AD3d at 1266 n 2). That is particularly so here, where both the child's therapist and a child protective caseworker testified as to the child's concerns and certain underlying events, as did the parties. Moreover, this hearing went well beyond factual events to direct questioning as to the child's preferences concerning visitation. While the record has been partially sealed insofar as counsel for the parties are precluded from providing the parents with a copy of the transcript or relay verbatim the contents, we believe this format does not adequately protect the child's right to confidentiality or foster the primary purpose of a Lincoln hearing that allows a child to openly share his or her concerns with the court (see Matter of Sellen v Wright, 229 AD2d 680, 681-682 [1996]).  Going forward, absent a defined reason for calling the child as a fact witness, we discourage this practice.

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court