Matter of Carlos L. v Eva P. (2021 NY Slip Op 00018)





Matter of Carlos L. v Eva P.


2021 NY Slip Op 00018


Decided on January 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 05, 2021

Before: Renwick, J.P., Gische, Kern, Oing, Mendez, JJ. 


Docket No. V-18851-52/17, V-18851-52-17/18A, V-16821-22/17 Appeal No. 12757 Case No. 2019-5691 

[*1]In the Matter of Carlos L., Petitioner-Respondent,
v
Eva P., Respondent-Appellant.


Larry S. Bachner, New York, for appellant.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Laura Solecki of counsel), attorney for the children.



Order, Family Court, Bronx County (Jennifer Burtt, Referee), entered on or about July 8, 2019, which, after a fact-finding hearing, awarded petitioner father sole legal and physical custody of the subject children, unanimously affirmed, without costs.
The record supports the award of legal and physical custody of the children to petitioner (see Matter of Frank M. v Donna W., 44 AD3d 495 [1st Dept 2007]). Contrary to respondent mother's contention, the court considered her testimony about petitioner's abusive history with respect to her, but found no evidence that the behavior she described affected petitioner's current fitness as a parent; among other things, the parties no longer lived together (see Matter of Cassissa v Solares, 176 AD3d 697 [2d Dept 2019]; see also Matter of Bunita B. v Mark P., 166 AD3d 565 [1st Dept 2018]). Moreover, respondent entrusted the children's medical care to petitioner, she placed the children in his care for most of 2016, and, when they were in her custody, she ensured that the children saw him regularly. Respondent does not address the reasons underlying the award of custody to petitioner: that she failed to obtain health insurance for the children for a year, that she and her boyfriend use marijuana in the home, that she left the children alone for extended periods, and that on several occasions she subjected them to excessive corporal punishment.
Respondent has not shown that petitioner failed to comply with any child support order, and she offers no reason to question the legitimacy of his stated injuries or his entitlement to disability income. Nor has she shown that respondent, or the court, manipulated the children into expressing a preference to live with petitioner, and, contrary to her contention, the children's preferences were but one of many factors the court considered.
Respondent cites no authority in support of her argument that the Lincoln hearing violated her due process rights, and the court properly considered the children's in cameratestimony in awarding legal and physical custody to the petitioner (see Matter of Lincoln v Lincoln, 24 NY2d 270 [1969]). The court also properly found that the children's out-of-court statements, which related to abuse and neglect, were admissible in a custody proceeding, pursuant to Family Court Act § 1046(a)(vi), because they were corroborated by each other's Lincoln testimony and the father's testimony about his observations of the petitioner's treatment of the children (Matter of George A. v Josephine D., 165 AD3d 425 [1st Dept 2018]). Respondent's other arguments about the conduct of the Lincoln hearing are unpreserved and in any event unavailing.
We reject respondent's contention that the evidence of her conduct does not rise to the level of abuse or neglect (see e.g. Matter of Shaun H. [Monique B.], 161 AD3d 559 [1st Dept 2018]; Matter of Shajada B. [Samantha N.], 147 AD3d 645 [1st Dept 2017]; Matter of Sylvia G., 113 AD3d 498 [1st Dept 2004]). While [*2]the agency caseworker testified that she was not concerned that living with respondent placed the children in imminent danger, the court properly focused less on the witness's subjective opinion than on her underlying observations, which corroborated other evidence.
We have considered respondent's remaining arguments, and the supplemental arguments about the children's preferences advanced by the attorney for the children, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 5, 2021