Matter of N.L. v J.H. (2024 NY Slip Op 02665)

Matter of N.L. v J.H.

2024 NY Slip Op 02665

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Oing, J.P., González, Kennedy, Higgitt, O'Neill Levy, JJ. 

Docket No. V12966-19, V-12966-19A, V-12966-19B Appeal No. 2266 Case No. 2023-00256 

[*1]In the Matter of N.L., Petitioner/Respondent-Appellant,
v
J.H., Respondent/Petitioner-Respondent. 

N. L., appellant pro se.
J. H., respondent pro se.
Rosemary Rivieccio, New York, attorney for the child.

Order, Family Court, New York County (Jonathan H. Shim, J.), entered on or about December 6, 2022, which to the extent appealed from as limited by the briefs, granted the motion of the Attorney for the Child (AFC) to suspend the father's communications with the parties' child pending the conclusion of a Child Advocacy Center investigation and directed that a mental health professional supervise the father's visits with the child after the conclusion of the investigation, unanimously affirmed, without costs.
Initially, we reject the AFC's assertion that this appeal must be dismissed because the father failed to submit a complete record. Although the father's appendix is sparse and fails to include much of the Family Court record, the documents in the appendix are nevertheless sufficient for us to determine the appeal.
As to the merits, the record is clear that Family Court's determination was in the best interests of the child (see Matter of Barksdale v Medina, 272 AD2d 78, 78 [1st Dept 2000]). The record shows that since around 2018, the father, in violation of court orders, coached the child to report that the mother's boyfriend had sexually abused her in the mother's presence, and in further violation of court orders, continued to take the child to various medical professionals, thus subjecting her to numerous invasive interviews and examinations. These circumstances provided a sufficient basis to temporarily suspend the father's parenting time and communication with the child (see id; Matter of Chaim N. [Angela N.], 103 AD3d 728, 729 [2d Dept 2013]; Young v Young, 212 AD2d 114, 120 [2d Dept 1995]).
Furthermore, Family Court did not err in failing to hold an evidentiary hearing, as the court had sufficient information to render an informed decision on the best interests of the child based on its extensive history with the parties (see Matter of James M. v Kevin M., 99 AD3d 911, 913 [2d Dept 2012], lv denied 20 NY3d 855 [2013]). At the time of the determination, the court was in the midst of a modification of custody hearing, which included numerous appearances by the parties; testimony from several witnesses, including the father; and a 167-page forensic evaluation by a court-appointed child psychiatrist, who recommended visitation supervised by a mental health professional and who also testified and was cross-examined. The father was therefore not deprived of the opportunity to be heard.
The father has made no showing that the court abused its discretion in failing to conduct an in camera interview of the child (see Matter of Carlos L. v Eva P., 190 AD3d 421, 422 [1st Dept 2021], lv denied 36 NY3d 907 [2021]; Matter of Walker v Tallman, 256 AD2d 1021, 1022 [3d Dept 1998], lv denied 93 NY2d 804 [1999]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024