Matter of Joenathan E. v Jennifer F. (2025 NY Slip Op 05730)

Matter of Joenathan E. v Jennifer F.

2025 NY Slip Op 05730

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-24-0061
[*1]In the Matter of Joenathan E., Appellant,
v
Jennifer F., Respondent.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Rebekah Nellis Kennedy, Loudonville, for appellant.
Carl D. Birman, Albany, for respondent.
Veronica Reed, Schenectady, attorney for the children.

Lynch, J.
Appeal from an order of the Family Court of Schenectady County (James Doern, J.H.O.), entered November 6, 2023, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify two prior orders of visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject children (born in 2010 and 2013). In 2014, two custody orders — one pertaining to each child — awarded the parties joint legal custody, granted the mother primary physical custody and provided the father with parenting time as the parties could agree. In 2016, the father was convicted of criminal sexual act in the first degree and rape in the first degree pertaining to his sexual abuse of an 11-year-old child. He was sentenced to an aggregate prison term of 40 years and the judgment was affirmed by this Court on appeal.
In May 2022, the father filed a petition seeking visitation with the children.[FN1] Following a fact-finding hearing [FN2] and a Lincoln hearing, Family Court, as relevant here, denied the father's request for visitation with the children, finding that it would not be in their best interests. The court did, however, permit the father to write letters to the children every other month, and to send them birthday and Christmas cards. The court also directed the mother to send the father "one photograph of each child annually as well as the final report card from the final marking period for the school year." The father appeals, and we affirm.[FN3]
Initially, there is no dispute that the father's incarceration constituted a change in circumstances for purposes of this modification proceeding. "[T]he question accordingly turns to what [visitation] arrangement is in the best interests of the child[ren]" (Matter of Gabrielle Q. v James R., 233 AD3d 1407, 1408 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Robert D. v Sarah E., 238 AD3d 1222, 1222-1223 [3d Dept 2025]). "Visitation with a noncustodial parent, even one who is incarcerated, is presumed to be in the best interests of the children. That presumption, however, may be rebutted by demonstrating, by a preponderance of the evidence, that visitation with the incarcerated parent would, under all of the circumstances, be harmful to the children's welfare or contrary to their best interests" (Matter of Aaron OO. [Amber PP.], 170 AD3d 1436, 1436-1437 [3d Dept 2019] [citations omitted]; see Matter of Jaime T. v Ryan U., 238 AD3d 1257, 1258 [3d Dept 2025]; Matter of Tamara GG. v Danielle HH., 238 AD3d 1246, 1249 [3d Dept 2025]). "In assessing what would be in the best interests of the child[ren], the factors to be considered include the age of the child[ren], the lack or existence of a meaningful relationship between the parent and the child[ren], the distance and travel time entailed, and the length of the parent's prison sentence" (Matter of Tamara T. v Brandon U., 180 AD3d 1286, 1287 [3d Dept 2020] [internal quotation [*2]marks and citations omitted]; see Matter of Robert SS. v Ashley TT., 143 AD3d 1193, 1194 [3d Dept 2016]). "The propriety of visitation is a matter committed to the sound discretion of Family Court, . . . and this Court will not disturb its determination if it is supported by a sound and substantial basis in the record" (Matter of Robert D. v Sarah E., 238 AD3d at 1223 [internal quotation marks and citations omitted]).
Here, Family Court appropriately recognized that visitation with the father was presumed to be in the children's best interests, but concluded that in-person visitation "would be affirmatively harmful to the welfare of the subject children." The court also implicitly concluded that telephone contact with the father was also not in the children's best interests by limiting his contact to written communications. On this record, we discern no basis to disturb Family Court's determination. The father had not seen the children since at least 2016, was serving a lengthy prison sentence and was incarcerated at a correctional facility over 100 miles away. The record is devoid of evidence that the father ever had an established relationship with the children, even prior to his incarceration (see Matter of Angeline H. v Derrick I., 187 AD3d 1357, 1360 [3d Dept 2020]). Perhaps most troubling, the father continued to deny that he had engaged in the conduct underlying his criminal convictions, referring to the convictions as "fraud[ulent]" during the hearing and blaming the mother for his incarceration, demonstrating a lack of insight into the seriousness of his conduct against a minor (see Matter of Robert M. v Barbara L., 227 AD3d 141, 145 [3d Dept 2024]). Family Court prudently found that the father's version of the events underlying his conviction lacked credibility. We also note, like Family Court, that the father attempted to call the children as witnesses during the fact-finding hearing and was adamant about doing so even when confronted by the fact that they were only 9 and 12 years old at the time, evincing a striking lack of concern for their emotional well-being. As this Court has previously observed, "calling a child to testify in a Family Ct Act article 6 proceeding is generally neither necessary nor appropriate" (Matter of Battin v Battin, 130 AD3d 1265, 1266 n 2 [3d Dept 2015]; accord Matter of Rutland v O'Brien, 143 AD3d 1060, 1061 n 1 [3d Dept 2016]; Matter of Gonzalez v Hunter, 137 AD3d 1339, 1343 [3d Dept 2016], lv dismissed & denied 27 NY3d 1061 [2016]). On this record, Family Court's determination to deny the father prison visits and to limit his contact with the children to written communications is supported by a sound and substantial basis in the record (see Matter of Joseph F. v Stephanie G., 180 AD3d 1190, 1192 [3d Dept 2020]; Matter of Kari CC. v Martin DD., 148 AD3d 1246, 1248 [3d Dept 2017]).
Pritzker, J.P., Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The petition was not denominated a modification petition but Family Court considered it to be one and the father does not dispute this characterization on appeal.
Footnote 2: Only the father testified at the fact-finding hearing.
Footnote 3: Although not dispositive, we note that the attorney for the children supports Family Court's determination.