■ In the Matter of TONIA PADOVA, Respondent, v E. BRUCE Ross, Appellant, and COUNTY OF WESTCHESTER, Intervenor-Respondent. (Proceeding No. 1.) In the Matter of E. BRUCE Ross, Appellant, v TONIA PADOVA, Respondent, and COUNTY OF WESTCHESTER, Intervenor-Respondent. (Proceeding No. 2.)—In a proceeding to enforce the visitation provisions of a divorce decree (proceeding No. 1), and a cross proceeding to modify those visitation provisions (proceeding No. 2), the husband appeals, (1) as limited by his brief, from so much of an order of the Family Court, Westchester County (Facelle, J.), dated March 6, 1984, as required him to reimburse the County of

Westchester for fees paid to assigned counsel for his former wife, and (2) as limited by his brief, from so much of an order of the same court, entered July 10, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order dated March 6, 1984, dismissed, without costs or disbursements. That order was superseded by the order entered July 10, 1984, made upon reargument.

Order entered July 10, 1984, reversed insofar as appealed from on the law, without costs or disbursements, and, upon reargument, the provision of the order dated March 6, 1984, requiring that the appellant reimburse the County of Westchester for fees paid to the assigned counsel of his former wife is deleted.

Commencing January 23, 1984, a hearing was held before the Family Court with regard to the wife's petition to enforce, and the appellant's cross petition to modify the visitation provisions set forth in the parties' 1980 judgment of divorce. At the conclusion of the hearing, the Family Court dismissed the cross petition to modify and granted the petition to enforce. Ruling from the Bench, without request from either party and without notice to the appellant, the Family Court further directed the appellant to reimburse the County of Westchester for counsel fees it had paid to the wife's assigned counsel. The latter had been appointed pursuant to Family Court Act § 262 due to the wife's indigency. Thereafter, the appellant moved for reargument with respect to the provision directing reimbursement, and Westchester County moved to intervene in the proceeding. The Family Court granted the appellant's motion to reargue and the county's motion to intervene. Upon reargument, the Family Court adhered to its previous decision, reasoning that had the wife been so inclined, she could have retained private counsel and submitted an application for counsel fees under Domestic Relations Law § 237 (b), and that the amount charged by retained counsel would have greatly exceeded the modest statutory rate charged by assigned counsel. These appeals ensued.

Initially, we note that there is no explicit statutory provision authorizing the Family Court to require a financially able parent to reimburse the county for fees it paid to the indigent parent's assigned counsel in a proceeding to modify or enforce the visitation provisions of a prior order or judgment. Nevertheless, the county contends that it has a derivative right to reimbursement premised upon an allegedly "primary", albeit inchoate, obligation imposed upon the appellant as a parent,

to finance his former spouse's legal representation under Domestic Relations Law § 237 (b) and that County Law § 722-d implicitly authorizes the Family Court's creation of a "payment provision" in favor of the county. We disagree.

Domestic Relations Law § 237 (b) provides, in pertinent part, that "[u]pon any application to annul or modify an order or judgment for alimony or for custody, visitation, or maintenance of a child * * * the court may direct a spouse or parent to pay such sum or sums of money for the prosecution or the defense of the application or proceeding by the other spouse or parent as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties". Although this statutory provision permits a parent to recover fees from the other, when justice requires, in a proceeding such as the one at bar, the wife nevertheless chose not to invoke that right but rather obtained assigned counsel pursuant to Family Court Act § 262. It is noteworthy that assigned counsel represented her in the instant visitation dispute from 1982 until present, during which time the county never maintained that it had a derivative right to seek reimbursement from the appellant. Nor does County Law § 722-d expressly or impliedly authorize a payment provision for reimbursement of this nature. County Law § 722-d provides that "[w]henever it appears that the defendant is financially able to obtain counsel or to make partial payment for the representation * * * the court may terminate the assignment of counsel or authorize payment, as the interests of justice may dictate, to the * * * [assigned counsel]". There is nothing in this statutory provision which sanctions reimbursement from a third party to whom the indigent might have turned in order to finance legal representation.

Moreover, the county's characterization of its obligation to finance the wife's legal representation, when counsel is assigned pursuant to Family Court Act § 262, as "secondary" to that of the appellant and that the appellant, due to the parental relationship, was primarily obligated to do so under Domestic Relations Law § 237 (b), would result in an unduly narrow interpretation of the objectives to be achieved by the enactment of Family Court Act § 262. There is nothing to indicate that Family Court Act § 262 was primarily intended as a substitute for or a means of supplementing an award of counsel fees pursuant to Domestic Relations Law § 237 (b). The legislative findings and purpose of Family Court Act § 262, as set forth in Family Court Act § 261, evidence the recognition of a more far-reaching obligation. Family Court

Act § 261 states in pertinent part that "[p]ersons involved in certain family court proceedings may face the infringements of fundamental interests and rights, including the loss of a child's society and the possibility of criminal charges, and therefore have a constitutional right to counsel in such proceedings. Counsel is often indispensable to a practical realization of due process of law and may be helpful to the court in making reasoned determinations of fact and proper orders of disposition" (cf. Lassiter v Department of Social Servs., 452 US 18, 29-30, n 5, reh denied 453 US 927). While the county characterizes its obligation to finance the wife's legal representation as "secondary", it has never suggested that its obligation is "secondary" in the sense that the availability of assigned counsel, pursuant to Family Court Act § 262, is contingent upon the indigent parent's demonstration that an application for an award of counsel fees under Domestic Relations Law § 237 (b), would be unsuccessful. Therefore, it is unwarranted for the county to now suggest, after making payments to the wife's assigned counsel, that its obligation to her was, from the beginning, only secondary to that of the appellant as alleged putative obligor under Domestic Relations Law § 237 (b).

Finally, even if the Family Court's order of reimbursement were supported by statute, the manner in which the award was made would require its reversal. The court, in ordering full reimbursement, ruled sua sponte from the Bench without notice to the appellant, and, apparently, without knowing what the total amount of the reimbursement would be. There was no attempt to formally examine the appellant's ability to pay and, moreover, the appellant was not afforded the opportunity to submit evidence with respect to his financial status. Nor was there any evidence submitted with respect to the time charges and other expenses incurred by the wife's assigned counsel. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.