Requestor: Dennis V. Tobolski, Esq., County Attorney County of Cattaraugus 303 Court Street Little Valley, New York 14755
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
You have asked whether the assigned counsel plan established by section722(3) of the County Law requires the appointment of counsel to defend individuals charged with offenses which are punishable by fine only.
Your letter notes that Cattaraugus County has enacted a local law which regulates the storage, collection, recycling and disposal of solid waste within the county. Among other things, the local law prohibits dumping household garbage along the county's roadsides. Violations of the local law's provisions are punishable in the following way:
 "Conviction of a first offense as provided by this Section shall be punishable by a fine of up to $100.00, and in addition, anyone convicted of a first offense hereunder shall be liable to pay a civil penalty of $50.00.
 "Conviction of any additional offenses shall be punishable by a fine of up to $500.00, or imprisonment of not more than 15 days, or both, and in addition, anyone convicted of an offense hereunder shall be liable to pay a civil penalty of $100.00."
Local Law No. 1-1990, County of Cattaraugus, § 22.1.*
Your question is whether individuals being prosecuted for first offenses under the solid waste law — and who are subject to punishment by fine only — are eligible for assignment of defense counsel under the county's assigned counsel program.
Article 18-B of the County Law provides several options by which a county can meet its obligation to provide legal counsel to indigent criminal defendants — public defender, legal aid society, or assigned counsel plan. See, 1985 Op Atty Gen (Inf) 174. You have informed us that in Cattaraugus County an assigned counsel program has been established pursuant to section 722(3) of the County Law.
Article 18-B authorizes counties to establish "a plan for providing counsel to persons charged with a crime . . . who are financially unable to obtain counsel." County Law § 722; emphasis supplied.**
Section 722-a of the County Law defines a crime in the following way:
 "For the purposes of this article, the term `crime' shall mean a felony, misdemeanor, or the breach of any law of this state or of any law, local law or ordinance of a political subdivision of this state, other than one that defines a `traffic infraction,' for which a sentence to a term of imprisonment is authorized upon conviction thereof."
Offenses which are not punishable by a term of imprisonment do not fall within the definition of crime for purposes of article 18-B. 1975 Op Atty Gen (Inf) 102; 1967 Op Atty Gen (Inf) 39. Inasmuch as first offenses under the county's solid waste law are punishable only by fines, they do not meet the definition of crime set forth in section 722-a. Individuals charged with first offenses are not, therefore, eligible for assigned counsel under article 18-B. See, People v Select Tire, Inc., 84 Misc.2d 159
(Monroe Co Ct 1975).
We conclude that individuals charged with violating a local law regulating solid waste are not eligible for assigned counsel under article 18-B of the County Law when the offense is punishable only by a fine.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* More serious violations — i.e., unlawful establishment of hazardous and radioactive waste facilities, are punishable by more serious penalties and are not at issue here. The local law also authorizes the imposition of injunctive relief.
** The statute also authorizes the appointment of counsel for persons entitled to such under the Family Court Act or the Surrogate's Court Procedure Act. See, Matter of Padova v Ross, 123 A.D.2d 381 (2d Dept 1986); Matter of Cheri H., 121 Misc.2d 973 (Family Ct Bronx Co 1983).