■ In the Matter of DAWN ANDREWS, Formerly Known as DAWN ADAMS, Appellant, v DONALD CORYEA, Respondent. [801 NYS2d 183]—

Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered April 19, 2004 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition seeking to modify a prior order of visitation and directed petitioner to pay respondent's legal fees arising from the petition to the assigned counsel program.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the second ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Family Court properly dismissed the petition seeking to modify a prior order by suspending respondent's visitation with the parties' two children provided for therein. "Visitation by a noncustodial parent is presumed to be in the child[ren]'s best interest and should be denied only in exceptional situations, such as where substantial evidence reveals that visitation would be detrimental to the welfare of the child[ren]" (*Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]). The record supports the court's determination that petitioner failed to establish at the hearing on the petition that respondent's continued visitation with the children posed any risk to them or would be detrimental to their welfare (*see Matter of Gerald D. v Lucille S.*, 188 AD2d 650 [1992]). Even assuming, arguendo, that the court erred in precluding petitioner from presenting testimony regarding hearsay statements made by the children concerning petitioner's allegations that respondent abused the children (*see Matter of Pratt v Wood*, 210 AD2d 741, 742 [1994]), we conclude that the error is harmless because the substance of those hearsay statements was otherwise before the court (*see Matter of De Felice v De Felice*, 303 AD2d 1017, 1017-1018 [2003]). The court lacked jurisdiction to entertain petitioner's motion to appoint a new law guardian for the children inasmuch as the motion was made more than two months prior to the commencement of this proceeding (*see Matter of Belmar v City of Syracuse*, 100 AD2d 745 [1984]). The court did not abuse its discretion in determining that the 11-year-old child could not give sworn testimony (*see generally Matter of Frederick QQ.*, 209 AD2d 832, 833-834 [1994], *lv denied* 85

NY2d 802 [1995]). The court erred, however, in sua sponte determining that petitioner is liable for "all legal fees of respondent arising from the . . . petition" and in directing petitioner to pay those fees to the assigned counsel program (*see Matter of Padova v Ross*, 123 AD2d 381, 384 [1986]). We therefore modify the order accordingly. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.