■ In the Matter of TRACEY BROWN, as Attorney for the Children, Appellant, v GREGORY ERBSTOESSER et al., Respondents. (And Another Related Proceeding.) [928 NYS2d 92]—

Spain, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered November 10, 2009, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify prior orders of visitation.

Respondents are the divorced parents of two daughters, born in 1994 and 1997. In 2008, they consented to a Family Court order continuing the existing custody arrangement whereby the primary residence was with respondent Laurie S. Erbstoesser (hereinafter the mother) and respondent Gregory Erbstoesser (hereinafter the father) had parenting time every other weekend. Among other things, the consent order provided that the father attend counseling with the children every other week and parenting time with the father one night per week in alternating weeks when they are not engaged in counseling. It appears that at some point thereafter, the mother began to take a "hands off" attitude, refusing to compel or expect the children to visit or spend time with their father. She essentially left that decision to the children's discretion. As a result, the father has had very little time with the children since the 2008 consent order.

In February 2009, the father commenced a proceeding alleging that the mother violated the consent order by denying him parenting time with the children. Subsequently, petitioner, the attorney for the children, filed a separate petition seeking modification of the prior order of visitation so that any visitation would be at the sole discretion of the children; the mother appeared with counsel and, although she did not file a separate petition, she made an oral application and advocated throughout the fact-finding hearing for the same relief. Following the hearing wherein both children testified,[1] Family Court found, among other things, that the mother had willfully violated the 2008 consent order by "wrongfully deferring too much authority to the [c]hildren on th[e] issue [of visitation] and fail[ing] to enforce the issue properly," and doing "little, to nothing, to encourage the relationship between the [father] and the [c]hildren." As its only sanction, the court directed that the mother pay the father's counsel fees and she has not appealed from any part of that determination and order. The court then partially granted the modification application by eliminating the children's weekday visitation with the father, and continuing all other aspects of the previous orders. Petitioner now appeals.

---

1. Both children testified under oath at an in camera hearing in which their parents were excluded on consent, but the attorneys were present and the parents' attorneys were permitted to cross-examine the children. The court made it clear that the record of that hearing would not be sealed.

Asserting that Family Court did not go far enough in reducing visitation, petitioner argues that the court failed to properly consider the best interests of the children or to accord the appropriate weight to their wishes in modifying the prior order of visitation. "As with custody, an existing visitation order will be modified only if the applicant demonstrates a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of Taylor v Fry*, 63 AD3d 1217, 1218 [2009] [citations omitted]; *accord Matter of Braswell v Braswell*, 80 AD3d 827, 829 [2011]). A sufficient change may be shown where, as here, the desire of the children to visit the noncustodial parent has changed (*see Matter of Burch v Willard*, 57 AD3d 1272, 1273 [2008]; *Matter of Bowers v Bowers*, 266 AD2d 741, 742 [1999]). It is not disputed on appeal that a change in circumstances has been shown, and it is abundantly clear that counseling has not been effective.[2]

While the wishes of the children should be given consideration (*see Matter of Flood v Flood*, 63 AD3d 1197, 1198-1199 [2009]; *Matter of Miosky v Miosky*, 33 AD3d 1163, 1166 [2006]), "[v]isitation with a noncustodial parent is presumed to be in a child's best interests" (*Matter of Chambers v Renaud*, 72 AD3d 1433, 1434 [2010]; *see Matter of Flood v Flood*, 63 AD3d at 1198; *see also Matter of Andrews v Coryea*, 21 AD3d 1350, 1350 [2005]). To overcome this strong presumption—and effectively deny court-scheduled visitation to the father—it would have to be demonstrated that visitation would be detrimental to the children's welfare (*see Matter of Swett v Balcom*, 64 AD3d 934, 935-936 [2009], *lv denied* 13 NY3d 710 [2009]; *Matter of Frierson v Goldston*, 9 AD3d 612, 614 [2004]).

Here, it has not been demonstrated that visitation has been detrimental to the children (*see Matter of Swett v Balcom*, 64 AD3d at 935; *Matter of Frierson v Goldston*, 9 AD3d at 614). It appears, instead, that the children perceive visitation as an inconvenience or annoyance and that the mother has fostered their dismissive attitude toward their father as well as their unwillingness to visit with him. In doing so, the mother has failed to honor the abiding principle that the children's "best interests will be optimally served by allowing the development of a healthy relationship with both parents" (*Matter of Rivera v Tomaino*, 46 AD3d 1249, 1250 [2007]).

Under the facts of this case, giving the children the final deci-

---

2. Notably, while Family Court observes in its decision that "counseling for all parties is apparently needed," the court neglected, in the order appealed from, to direct that both parents actively participate and cooperate in family counseling.

sion on visitation would be tantamount to the termination of visitation without justification. Notwithstanding the father's shortcomings, Family Court's decision to continue visitation, with the slight reduction noted, is supported by a sound and substantial basis in the record and should not be disturbed (*see Matter of Flood v Flood*, 63 AD3d at 1198).

Finally, in our view, the mother's failure to genuinely and affirmatively encourage the children to visit with their father has contributed significantly to their inability and unwillingness to look beyond his parental imperfections so as to benefit from a wholesome relationship with him. On the other hand, the father's behavior at times reflects poor judgment and poor parenting skills, also a significant factor. Family Court's order should therefore be modified to provide effective counseling to this family. Accordingly, we will remit this matter to Family Court and direct that the parents choose a new therapist and that both parents actively participate and fully cooperate in family counseling. Further, the court should craft an order that includes provisions for said counseling, and parenting education and short-term monitoring by the court, where necessary, to insure the success of the counseling process.

Peters, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, without costs, by reversing so much thereof as directed that respondent Gregory Erbstoesser alone participate in counseling with the children; both respondents must actively and cooperatively participate in counseling with the children with a new counselor selected by stipulation or, if necessary, by Family Court, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.