# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1223**
**CAF 12-00105**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF MARY ELIZABETH CARTER,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LANDIN L. WORK, RESPONDENT-RESPONDENT.
-----------------------------------------
CAROLYN KELLOGG JONAS, ESQ., ATTORNEY
FOR THE CHILD, APPELLANT.

---

CAROLYN KELLOGG JONAS, ATTORNEY FOR THE CHILD, WELLSVILLE, APPELLANT PRO
SE.

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Allegany County (Terrence M. Parker, J.), entered June 17, 2011 in a proceeding pursuant to Family Court Act article 6. The order denied the petition to suspend the visitation between respondent and the child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding seeking modification of a prior order of custody and visitation (prior order) by suspending all visitation between the child and respondent father. At the time the proceeding was commenced, Family Court issued an order to show cause suspending the father's visitation with the child, but the court later issued a temporary order reinstating visitation under certain conditions. After a hearing, the court denied the petition and reinstated visitation between the father and the child according to the schedule set forth in the prior order under certain conditions.

The Attorney for the Child (AFC) contends that the court erred in denying the petition and reinstating visitation between the father and the child. We reject that contention. It is well settled that visitation with the noncustodial parent is presumed to be in the child's best interests (*see Matter of Brown v Erbstoesser*, 85 AD3d 1497, 1499), and that denial of visitation is justified only for a compelling reason (*see Matter of Swett v Balcom*, 64 AD3d 934, 935, *lv denied* 13 NY3d 710). Here, we decline to disturb the decision of the court, which has a sound and substantial basis in the record (*see generally Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701). Although the

relationship between the father and the child is strained, there is nothing in the record establishing that visitation has been detrimental to the child (*see Brown*, 85 AD3d at 1499).  To the contrary, the record supports the court's determination that visitation would be in the child's best interests and that resuming visitation offered the only hope of restoring the father-daughter relationship.  In addition, the record suggests that the child's opposition to visitation was the product, at least in part, of parental alienation by the mother (*see Matter of Bond v MacLeod*, 83 AD3d 1304, 1306).

Finally, although we agree with the AFC that the court improperly disclosed the child's statement at the *Lincoln* hearing (*see Matter of Spencer v Spencer*, 85 AD3d 1244, 1246), we conclude that the error does not justify disturbing an otherwise valid determination (*see Matter of Rivera v LaSalle*, 84 AD3d 1436, 1437).

Entered:  November 16, 2012                   Frances E. Cafarell
                                              Clerk of the Court