# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

555

CAF 11-01564

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF NANCY CHINEZE NWAWKA,
PETITIONER,

V                                          MEMORANDUM AND ORDER

DÉSIRÉ BADIBADY YAMUTUALE,
RESPONDENT-RESPONDENT.
------------------------------------------
JENNIFER M. LORENZ, ATTORNEY FOR THE CHILD,
APPELLANT.

---

JENNIFER M. LORENZ, ATTORNEY FOR THE CHILD, LANCASTER, APPELLANT PRO
SE.

DÉSIRÉ BADIBADY YAMUTUALE, RESPONDENT-RESPONDENT PRO SE.

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered July 11, 2011 in a proceeding pursuant to
Domestic Relations Law article 5-A.  The order, inter alia, denied the
petition of petitioner to suspend visitation.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  The Attorney for the Child (AFC) appeals from that
part of an order denying the petition in which petitioner mother
sought to suspend all unsupervised visitation between the parties'
child and respondent father and sought an award of sole custody of the
child.  After a hearing, Family Court, inter alia, denied the
petition, reinstated visitation between the father and the child
according to the schedule set forth in the parties' divorce decree,
and ordered that the father and the child engage in joint counseling.

Contrary to the contention of the AFC, the court properly denied
the petition and reinstated visitation between the father and the
child.  "[V]isitation with the noncustodial parent is presumed to be
in the child's best interests . . . , and . . . denial of visitation
is justified only for a compelling reason" (*Matter of Carter v Work*,
100 AD3d 1557, 1557).  Based upon our review of the record, including
the child's statements at the *Lincoln* hearing (*see Matter of Lincoln v
Lincoln*, 24 NY2d 270, 272-274), we conclude that the court's
determination has a sound and substantial basis, and we decline to
disturb it (*see generally Matter of Klee v Schill*, 95 AD3d 1599, 1601-
1602).  Specifically, we conclude that the record supports the court's

findings that the mother "has sought to alienate this child from her father" by blaming the father for an incident of alleged sexual abuse perpetrated against the child by a third party, and that the father was not in any way responsible for the occurrence of that alleged crime. The actions of the mother have damaged the father's relationship with the child, and thus we also conclude that the record supports the court's determination to order joint counseling sessions involving the child and the father for the purpose of restoring their relationship (*see Carter*, 100 AD3d at 1557). Moreover, "the record suggests that the child's opposition to visitation was the product, at least in part, of parental alienation by the mother" (*id.* at 1557-1558). Based on the foregoing, we conclude that the court properly determined that the child's best interests would be served by denying the petition (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174).

Entered: June 7, 2013
Frances E. Cafarell
Clerk of the Court