Matter of Barnette v Miller (2025 NY Slip Op 07206)

Matter of Barnette v Miller

2025 NY Slip Op 07206

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, GREENWOOD, AND HANNAH, JJ.

997 CAF 24-01545

[*1]IN THE MATTER OF JAE'LISA BARNETTE, PETITIONER-APPELLANT,
vWILLIE MILLER, JR., RESPONDENT-RESPONDENT.
————————————————————— IN THE MATTER OF WILLIE MILLER, JR., PETITIONER-RESPONDENT, V JAE'LISA BARNETTE, RESPONDENT-APPELLANT. —————————————————————- IN THE MATTER OF DANELL BARNETTE, PETITIONER-RESPONDENT, V JAE'LISA BARNETTE, RESPONDENT-APPELLANT, AND WILLIE MILLER, JR., RESPONDENT-RESPONDENT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
ELIZABETH C. FRANI, SYRACUSE, FOR RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT WILLIE MILLER, JR.
SHARON P. O'HANLON, SYRACUSE, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Onondaga County (Lourdes P. Rosario, R.), entered July 30, 2024, in proceedings pursuant to Family Court Act article 6. The order, among other things, awarded respondent-petitioner Willie Miller, Jr. sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, inter alia, awarded respondent-petitioner father sole legal and physical custody of the subject child. We affirm.
The mother contends that Family Court, in its decision, erred in considering information contained in records from prior proceedings, of which it had taken judicial notice, that had not been properly received in evidence at the fact-finding hearing. Inasmuch as there was no objection to the court's alleged error, the mother's evidentiary contention is not preserved for our review (see Matter of Ayden G. [Nicky C.], 240 AD3d 1389, 1390 [4th Dept 2025]).
We agree with the mother that the court improperly disclosed the child's statements at the Lincoln hearing, and we remind the court that the disclosure of any statements made by a child during a confidential Lincoln hearing is improper (see Kaleta v Kaleta, 225 AD3d 1293, 1295 [*2][4th Dept 2024]). We conclude, however, that the error does not justify disturbing an otherwise valid determination (see generally Matter of Carter v Work, 100 AD3d 1557, 1558 [4th Dept 2012]).
We have reviewed the mother's remaining contention and conclude that it lacks merit.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court